GRIFFIS, P.J., DISSENTING:
 

 ¶ 23. I respectfully dissent.
 

 ¶ 24. This case considers the compelling interest of the victim's right of privacy versus the defendant's right to a public trial. Pierce was charged with photographing, taping, or filming S.A. in violation of her privacy pursuant to Mississippi Code Annotated section 97-29-63(1)(a) (Rev. 2014).
 
 [2]
 
 The evidence offered to prove this crime was the recording that depicted S.A. "in a state of undress." This is a sex-crime case. As such, the courts of this state attempt to protect the victim from public embarrassment and humiliation.
 

 ¶ 25. As to the majority's recitation of the facts, I note that the majority fails to mention that the video shows Pierce setting up the phone camera just before he exited the room. There was clear evidence to show intent and that it was not an accident.
 

 ¶ 26. Next, I do not dispute the majority's legal authority. However, I come to a different conclusion. In
 
 Tillman
 
 , this Court cited the same legal authority and ruled:
 

 Here, the trial court noted that the allegations involved acts of sexual penetration, more specifically, oral sex and digital penetration, as well as acts of fondling that occurred over a period of
 time. The court also recognized the sensitive nature of the testimony and the emotional state of J.T. due to the sexual abuse. Therefore, based on Article 3, Section 26, the facts of the case, the age of the child, and the family dynamics (the families of J.T. and Tillman were intertwined as members of the families were related to both J.T. and Tillman), the court found it appropriate to close the courtroom to everyone except necessary court personnel during J.T.'s testimony. The court ruled that Tillman, his attorney, and necessary court personnel would be allowed to be present during J.T.'s testimony. Everyone else was required to vacate the courtroom but were allowed to return at the conclusion of J.T.'s testimony. We note that J.T. was the first witness called to testify and that the public was allowed to be present in the courtroom for the remainder of the trial.
 

 We find that the trial court's actions were sufficient to pass the
 
 Waller
 
 test. Additionally, Article 3, Section 26 of the Mississippi Constitution gives a judge discretion to close a trial to the public in certain instances. We recognize that the crimes Tillman was charged with committing do not fall within the category of crimes enumerated in Article 3, Section 26. However, given the nature and substance of J.T.'s allegations, we note that her allegations are of the type contemplated by this provision and are of the type for which this provision was designed. Furthermore, the Mississippi Supreme Court has held that "public exclusion may be appropriate to the extent necessary to avoid embarrassment or emotional disturbance to a witness which might result from that witness giving testimony in a particular case."
 
 Lee
 
 [
 
 v. State
 
 ], 529 So.2d [181,] 183 [ (Miss. 1980) ]. This case, which required a teenage girl to testify to potentially embarrassing or emotionally disturbing facts of a very sensitive and personal nature, clearly falls within the category of instances in which public exclusion is appropriate. This issue is without merit.
 

 Tillman v. State
 
 ,
 
 947 So.2d 993
 
 , 995-96 (¶¶ 9-10) (Miss. Ct. App. 2006).
 

 ¶ 27. Further, Mississippi Rule of Evidence 611(3) gives the circuit judge the authority and discretion to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to ... protect witnesses from harassment or undue embarrassment."
 

 ¶ 28. Here, the public viewing of a young female victim's naked breasts is a "potentially embarrassing or emotionally disturbing fact[ ] of a very sensitive and personal nature."
 
 Tillman
 
 ,
 
 947 So.2d at 996
 
 (¶ 10). Likewise, it "falls within the category of instances in which public exclusion is appropriate."
 

 Id.
 

 ¶ 29. I also cannot agree with Pierce's argument that the trial court's decision to close the courtroom to the public
 
 during S.A.'s entire testimony was broader than necessary
 
 in light of the fact that the trial court could have just turned the television away from the general audience. Based on my review of the transcript, Pierce's counsel never suggested that it would be an acceptable alternative to "turn the television away from the general audience." The State offered this alternative, and the trial court determined it was not feasible. Despite the fact that the majority concludes that a reasonable alternative would have been to allow the video to be shown at the end of S.A.'s testimony, this alternative was not presented to the trial court. Nevertheless, the trial court used its discretion to exercise reasonable control over the interrogation in a way that would prevent S.A. from suffering undue embarrassment.
 

 M.R.E. 611(a). There is nothing in the record that would indicate that the trial court was in error in the decision that this alternative was not feasible.
 

 ¶ 30. In fact, Pierce's counsel did not offer alternatives. Instead, Pierce's counsel argued that the audience was entitled to see the video and that it was "important that [the video] is seen by whoever." Pierce's counsel did not ask the trial judge to only close the courtroom during the time the video was shown. Accordingly, I do not believe that Pierce placed this matter before the trial judge for a decision. "We will not hold a trial court in error on appeal for a matter not presented to it for decision."
 
 Moffett v. State
 
 ,
 
 49 So.3d 1073
 
 , 1101 (¶ 91) (Miss. 2010). Since Pierce's counsel did not offer an acceptable alternative, I cannot find the trial court in error on this issue. It is certainly not reversible error.
 

 ¶ 31. I recognize the United States Supreme Court's ruling in
 
 Presley v. Georgia
 
 ,
 
 558 U.S. 209
 
 , 214,
 
 130 S.Ct. 721
 
 ,
 
 175 L.Ed.2d 675
 
 (2010), that "trial courts are required to consider alternatives to closure
 
 even when they are not offered by the parties
 
 ." (Emphasis added). According to the circuit judge, she did just that. She considered reasonable alternatives and rejected them. The mere fact that new appellate counsel and the judges of this Court can come up with additional "reasonable alternatives" does not result in reversible error by the trial judge. I am of the opinion that the trial judge complied with the requirements of
 
 Presley
 
 .
 

 ¶ 32. Because I would affirm the circuit court's judgment, I respectfully dissent.
 

 Section 97-29-63(1)(a) (Rev. 2014) provides:
 

 It is a felony for any person with lewd, licentious or indecent intent to photograph, film, videotape, record or otherwise reproduces the image of another person without the permission of the other person when the other person is located in a place where a person would intend to be in a state of undress and have a reasonable expectation of privacy, including, but not limited to, private dwellings or any facility, public or private, used as a restroom, bathroom, shower room, tanning booth, locker room, fitting room, dressing room or bedroom shall be guilty of a felony.